*Court of Common Pleas, Dauphin County, December 18th*, 1857.

## PEACOCK *v.* KEYSTONE MUTUAL LIFE AND HEALTH INSURANCE COMPANY.

When an appearance was entered on the same day that judgment by default was taken, the judgment is void and will be set aside.
A narr must be filed before a judgment by default can be taken.

BY THE COURT.—A motion has been made to strike off the judgment in this case as irregularly entered.

1st. Because an appearance was entered on the same day the judgment was taken.

2d. Because no narr was filed before the return day of the writ.

As there are no fractions of a day, we are of the opinion this judgment must be stricken off. We have no means of ascertaining by the record which was first in point of time, the appearance or the judgment; and the record must not rest in parol.

In such case every intendment must be made in favor of a trial by jury and to preserve to the party that right. There has been no default injurious to the plaintiff, or by which he was delayed.

The narr was filed and judgment entered according to the rule of court, which, in our opinion, is in conformity with the 33d section of the act of 13th of June, 1836. That law authorizes judgment to be taken on default of appearance on the return day, or according to such rule as the court shall adopt, and only requires that the narr shall be filed, in our opinion, before judgment. The old law ordered that the declaration should be filed FIVE days before the court to which the writ was returnable. Under that law the Supreme Court decided that by long-settled practice judgments were taken, when the narr was filed at any

[Benedict *v.* Hickok et al.]

time before their entry, and must be sustained. The present law does not require the declaration to be filed on or before the return day, but before judgment. The Supreme Court declared that the legislature intended to restore the old law. We can see nothing in the act to authorize this decision; but, on the contrary, it is to us perfectly clear that the object of the act of 1836 was to conform to the settled practice by commanding the narr to be filed before judgment. Had the intention been to restore the old law and have it strictly enforced, the new one would have fixed the time for filing five days before the meeting of the court. Our rule of court gives four days after the return day for the defendant to appear, and in the meantime the declaration must be filed, else no judgment by default can be entered. This is more beneficial for the defendant than the act of Assembly, which gave no time. The default is in not appearing to the writ, not to the narr, which is of no other importance in such a case than to show the cause of action in all after time, and also to enable the amount of the judgment to be liquidated. We shall continue to enter judgments by default under our rules of court as heretofore, and those dissatisfied can sue out writs of error, when the court of last resort will have an opportunity of reviewing the act of Assembly and determining its meaning. If judgment could be taken on the return day of the writ, I grant that all that has been decided would conform to the statute, as the narr must, in that case, necessarily be filed before the return day; but when our rule gives the defendant, *ex gratia*, four additional days to enter his appearance, it can, in strict conformity with the words and spirit of the law, give the plaintiff the additional time to declare.

*Kunkel and Simonton, for plaintiff.*

*Berryhill and Fleming, for defendant.*